**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| NICHOLAS P. MUDER | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. _____ |
| | ) |
| LOWE'S HOME CENTERS, LLC, | ) |
| | ) |
| Defendant. | ) |

---

### NOTICE OF REMOVAL

---

Defendant Lowe's Home Centers, LLC ("Defendant"), by and through its undersigned counsel, Hall & Evans, LLC, hereby submits the following Notice of Removal of the above-captioned action from Wyandotte County District Court, Kansas to the United States District Court for the District of Kansas pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and Fed. R. Civ. P. 81(c), stating as follows:

### I.    INTRODUCTION

1.     Plaintiff Nicholas P. Muder ("Plaintiff") initiated this lawsuit on August 4, 2020 against Defendant, in the District Court for the County of Wyandotte, State of Kansas, captioned *Nicholas P. Muder v. Lowe's Home Centers, LLC*, Civil Action No. 2020-CV-000461 and is now pending in that court (the "State Action").  *See* **Exhibit A**, Plaintiff's Petition for Damages.

2.     Plaintiff alleges that on August 27, 2018, as he was shopping for floor tiles at the store located at 6920 State Avenue, Kansas City, Kansas 66102, "he pulled his shopping cart to

the end of a skid of stacked tiles, his leg was lacerated by tile(s) that were placed in a hazardous way, at an angle in the stack." **Exhibit A**, ¶¶ 2, 4.

3.      Plaintiff's Petition for Damages alleges claims of negligence. *Id.* at ¶ 6.

## II.    <u>COMPLIANCE WITH THE RULES</u>

4.      All procedural requirements related to the removal of this action have been satisfied.

5.      Defendant was served on August 17, 2020. The Return of Service on Defendant is attached hereto as **Exhibit B**.

6.      This Notice of Removal is filed within thirty (30) days of service of the Plaintiff's Petition for Damages and Summons on Defendant and is timely under 28 U.S.C. §§ 1441 and 1446(b).

7.      A copy of this Notice of Removal will be filed with the State Action and served upon Plaintiff's counsel.

8.      Pursuant to 28 U.S.C. § 1446(a) and D.C.Kan.LCivR. 81.1(c), copies of the following process, pleadings, and orders that were served upon Defendant or filed in the State Action are attached as follows:

        **Exhibit A**      Petition for Damages

        **Exhibit B**      Return of Service on Defendant

        **Exhibit C**      Plaintiff's First Interrogatories to Defendant Lowe's Home Centers, LLC

        **Exhibit D**      Plaintiff's Request for Production of Documents and Tangible Things Directed to Defendant Lowe's Home Centers, LLC

9. Defendant states that no hearings are pending, nor has any trial been set in the State Action.

10. Pursuant to Fed.R.Civ.P. 81(c), Defendant will present its defenses by pleading at the time prescribed herein, and specifically reserves their rights to assert all defenses, including those defenses under Fed.R.Civ.P. 12(b).

11. Defendant has complied with all of the requirements of 28 U.S.C. § 1446 and D.C.Kan.LCivR. 81.1.

### III.   DIVERSITY JURISDICTION

12. This case is removable pursuant to 28 U.S.C. § 1441 because the United States District Court for the District Court of Colorado has diversity jurisdiction under 28 U.S.C. §§ 1441, 1446, and 1332. Federal courts have diversity jurisdiction in lawsuits between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332.

### A.   THE PARTIES ARE CITIZENS OF DIFFERENT STATES

13. There is complete diversity of citizenship between Plaintiff and Defendant. Plaintiff is a citizen of Kansas. **Exhibit A**, ¶ 1. *See Crowley v. Glaze*, 710 F.2d 676, 678 (10th Cir. 1983) ("For purposes of diversity jurisdiction, under 28 U.S.C. § 1332(a)(1), state citizenship is the equivalent of domicile").

14. Defendant is a citizen of North Carolina. Defendant is a foreign corporation organized under the laws of the state of North Carolina with a principal place of business at 1000 Lowe's Blvd., Mooresville, NC 28117. *See* 20 U.S.C. § 1332(c) ("a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its

principal place of business"). Defendant is a wholly owned subsidiary of Lowe's Companies, Inc., a publicly traded North Carolina corporation. Lowe's Companies, Inc. is its sole member.

15.    For purposes of federal diversity jurisdiction, the parties are completely diverse. 28 U.S.C. § 1441(b).

**B.    THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

16.    The amount in controversy here exceeds $75,000 as required by 28 U.S.C. § 1332(a).[1] In his Petition for Damages, Plaintiff alleges that he has suffered "serious personal injury" caused by the incident. **Exhibit A**, ¶ 4.[2] Further, Plaintiff's Petition alleges past and future damages "in an amount that exceeds Seventy-Five Thousand Dollars ($75,000.00). *Id.* at ¶ 7.

17.    "If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2).

18.    Similarly, in determining the amount in controversy, a court may look to the object sought to be accomplished by the plaintiff's complaint. *Ronzio v. Denver & R.G.W.R. Co.*, 116 F.2d 604, 606 (10th Cir. 1940). "[T]he test for determining the amount in controversy is the pecuniary result to either party which the judgment would directly produce." *Id.*; *see also McPhail v. Deere & Company*, 529 F.3d 947, 954 (10th Cir. 2008) (finding that the sum for the amount in controversy can be either the value of what plaintiff seeks or what defendant may lose).

19.    When a defendant seeks federal court adjudication, the defendant's amount in controversy allegation should be accepted when not contested by the plaintiff or questioned by the

---

[1] Defendant does not concede or waive its right to contest Plaintiff's alleged damages.
[2] Defendant denies Plaintiff's allegations regarding his alleged damages and injuries.

court. *Dart Cherokee Basin Operating Company, LLC v. Owens*, 135 S. Ct. 547, 553 (2014). A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *Id.* at 554. A notice of removal "may be filed within thirty days after receipt by the defendant, through service or otherwise, or . . . other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Information relating to the amount in controversy in the record of the state proceedings, or in response to discovery, shall be treated as an "other paper." 28 U.S.C. § 1446(c)(3)(A).

20.     Here, Plaintiff admits that the jurisdictional amount in controversy exceeds $75,000, exclusive of interests and costs, by the filing of his Petition for Damages. *See* **Exhibit A**.

21.     Based on the foregoing, the jurisdictional amount in controversy exceeds $75,000, exclusive of interests and costs, and therefore, this action may properly be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

22.     Accordingly, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332.

WHEREFORE, Defendant Lowe's Home Centers, LLC, respectfully requests that the action now pending in the Wyandotte County District Court, Case No. 2020-CV-000461, be removed therefrom to this Court and that all further proceedings be heard in this Court.

Respectfully submitted this 4th day of September, 2020.

Hall & Evans, LLC

*/s/ Kathryn A. Lewis*
Kathryn A. Lewis, Atty. 20690
1111 Main Street, Suite 700
Kansas City, MO  64105
Phone: (816) 640-6785
Fax: (303) 628-3368
lewisk@hallevans.com
ATTORNEYS FOR DEFENDANT
LOWE'S HOME CENTERS, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of September, 2020, I electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to parties or counsel registered through ECF. In addition, I hereby certify that I have served via electronic mail the forgoing document to the following non-CM/ECF participants:

*Counsel for Plaintiff*:

Donald T. Taylor
Robb, Taylor & O'Connor
827 Armstrong, Ave. Suite 300
Kansas City, KS 66101
dontay@kc.rr.com

 *s/ Jacqui Wall*
Jacqui Wall, Legal Assistant to
Kathryn A. Lewis